UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ANNABELLE GRACE,**

   Petitioner,

v.                                    No. 4:22-cv-0871-P

**WARDEN SMITH,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Annabelle Grace for writ of habeas corpus under 28 U.S.C. § 2241. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** for lack of jurisdiction. In addition, her motions for injunctive relief and appointment of counsel must be **DENIED**.

## BACKGROUND

Petitioner is serving terms of imprisonment totaling 300 months for convictions of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d-f), & 5871, possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), manufacturing unregistered destruction devices (pipe bombs), in violation of 26 U.S.C. §§ 5841, 5845, 5861(d-f), & 5871, transportation and distribution of unregistered destruction devices (pipe bombs), in violation of 18 U.S.C. §§ 841, 842(a)(3)(B), 843, & 844, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), & 851. ECF No. 12 at App. 004.

Petitioner is a transgender woman (male to female) and has been diagnosed with gender dysphoria. ECF No. 13-1 at App. 014. On September 9, 2020, Petitioner submitted a request for administrative remedy seeking "gender confirmation surgery(s)," specifically, facial

feminization surgery, breast augmentation, and trachea reduction to treat gender dysphoria. *Id.* at App. 043. The response noted that Petitioner had a care plan in place and that requests for surgery should be discussed with Petitioner's medical provider. *Id.* at App. 042. Petitioner appealed to the North Central Regional Director. *Id.* at App. 041. The Regional Director reiterated that Petitioner had been receiving hormone therapy since November 13, 2019, and should work with Petitioner's provider regarding diagnostic and treatment interventions. *Id.* at App. 040. Petitioner appealed to the Central Office, *id.* at App. 038, which responded that BOP's Transgender Executive Committee had reviewed her case and determined that her care and designation were appropriate. *Id.* at App. 037.

## GROUNDS FOR RELIEF SOUGHT

On September 27, 2022, the Court received for filing the petition in this action. ECF No. 1. In it, Petitioner asserts four grounds. In the first, third, and fourth grounds, Petitioner complains that her gender dysphoria and hormone therapy is mismanaged or inadequate. In the second ground, Petitioner complains about being placed in the special housing unit ("SHU") while incarcerated at Federal Medical Center Carswell. *Id.* at 5–6. On October 31, 2022, the Court received for filing a motion for emergency preliminary injunction, emergency hearing, and appointment of counsel. ECF No. 8. In that document, Petitioner complains of being transferred from FMC Carswell, a female facility, to Federal Correctional Institution Seagoville, a male facility, alleging that her Constitutional rights are being violated. *Id.*

## ANALYSIS

Federal law offers two main avenues to relief for complaints related to imprisonment, a petition for writ of habeas corpus and a civil rights complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). When a prisoner challenges conditions of confinement, such as inadequate medical care or deliberate indifference to serious medical needs, a civil rights action is the appropriate vehicle to seek relief. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit follows a bright line rule: if

a favorable determination would not automatically entitle the prisoner to accelerated release, the proper remedy is a suit under § 1983. *Id.* If the petitioner is attacking the fact or duration of his confinement, habeas relief is the appropriate vehicle. *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).

The sole function of habeas corpus is to grant relief from unlawful confinement, and it cannot be used for any other purpose unrelated to the cause of the prisoner's detention. *Cheek v. Warden*, 470 F. Supp. 3d 636, 637 (N.D. Tex. 2020) (citing *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)). Unconstitutional conditions of confinement, even if they create a risk of serious physical injury or death, do not warrant habeas relief. *Carson*, 112 F.3d at 820–21. Although other circuits may allow conditions of confinement to be considered on habeas review, the Fifth Circuit does not. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (comparing views of different circuits on this issue). Thus, the case cited by Petitioner is not persuasive, much less authoritative. *JJS v. Pliler*, 19-CV-02020, 2022 WL 16578124 (S.D.N.Y. Aug. 3, 2022), *report and rec. adopted*, 2022 WL 16575766 (S.D.N.Y. Nov. 1, 2022).

Here, Petitioner's complaints about inadequate treatment for gender dysphoria, denial of surgery, and risk to health coupled with the demand for release from confinement do not raise cognizable habeas claims. Nor does Petitioner's claim related to being placed in SHU.[1] Placement in SHU has no impact on the duration of confinement and does not implicate § 2241. *Dixon v. Hastings*, 202 F. App'x 750, 752 (5th Cir. 2006).

As for the motion for injunctive relief, to prevail, Petitioner must prove: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant relief will result in irreparable injury, (3) the threatened injury outweighs any damage the injunction will cause defendants, and (4) the injunction will not have an adverse effect on the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176

---

[1] As Respondent notes, Petitioner's second ground is moot because Petitioner is no longer confined at FMC Carswell.

3

(5th Cir. 2018). A preliminary injunction is an extraordinary remedy and is the exception rather than the rule and is not to be granted unless the movant carries the burden of persuasion on all elements. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

In this case, Petitioner cannot establish a substantial likelihood of success on the merits because the Court lacks jurisdiction over the claims asserted. *Anderson v. Oakley*, 77 F.3d 475 (5th Cir. 1995) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 475 (1983)). A petitioner cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention. *Rourke v Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). *See also Hernandez v. Garrison*, 916 F.2 291, 293 (5th Cir. 1990) (request for transfer to another facility is not a proper type of injunctive relief in a habeas action).

Finally, there is no constitutional right to the appointment of counsel in federal habeas corpus cases like this one. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Although counsel may be appointed if the interests of justice so require, *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1989), the Court lacks jurisdiction over this action and appointment of counsel would not change that fact. *See Bell v. Chapman*, No. 4:09-CV-542-Y, 2010 WL 1644808, at *1 (N.D. Tex. Apr. 22, 2010) (no basis for appointment of counsel where relief was not available).

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** and the motion for injunctive relief and appointment of counsel is **DENIED**.

**SO ORDERED** on this **23rd day** of **January 2023.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE